In re Petition of the Medico-Chirurgical College of Philadelphia for Amendment of Charter. Appeal of the Philadelphia Dental College.

*Corporations — Medical colleges—Dentistry— Degrees — Amendment of charter—Act of April 10, 1867.*

Under the Act of April 10, 1867, P. L. 1078, amending the Act of February 12, 1850, P. L. 64, which incorporated the Medico-Chirurgical College of Philadelphia, the charter of said college may be amended by adding thereto the words, "And all rights, immunities and privileges as to lecturing, granting diplomas and conferring degrees in dental surgery and pharmacy."

Argued Jan. 10, 1899. Appeal, No. 212, Jan. T., 1898, by the Philadelphia Dental College, from order of May 6, 1898, dismissing exceptions to amendment of charter. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to amendment of charter.

The petition for the amendment was as follows:

"The Medico-Chirurgical College of Philadelphia hereby certifies under its corporate seal that it is a corporation created by and existing under an act of the General Assembly of the Commonwealth of Pennsylvania, entitled 'An Act to incorporate the Medico-Chirurgical College of Philadelphia,' approved the twelfth day of February, 1850, and its supplement, entitled, 'A supplement to an act to incorporate the Medico-Chirurgical College of Philadelphia, passed February, A. D. 1850,' approved the 10th day of April, 1867, as is shown by those acts of assembly, true copies of which are herewith submitted; that it is included in the class of corporations referred to in section 42, of the corporation act of 1874 and its supplements; that whereas,

the original charter of the Medico-Chirurgical College of Philadelphia recites its constitution as a part thereof; and, whereas, its constitution divides the college into twelve sections with reference to the subjects under their charge, two of said subjects being surgery (including dental surgery as a sub-section) and pharmacy; and, whereas, neither the original nor the supplementary charter distinctly authorizes lectures upon dental surgery and pharmacy and the conferring of degrees therein, therefore, for greater certainty, and in order that the powers conferred in said original charter as to the teaching of dental surgery and pharmacy may be more clearly and surely defined, in pursuance of corporate action duly had, it is desirous of improving, amending or altering the articles and conditions of its said charter in accordance with the provisions of the said act of 1874 and its supplements, in the following particular, that is to say, add to section 2 of the act entitled 'A supplement to Act to incorporate the Medico-Chirurgical College of Philadelphia, passed February, A. D. 1850,' approved April 10, 1867, the words, 'And all rights, immunities and privileges as to lecturing, granting diplomas and conferring degrees in dental surgery and pharmacy.' "

Exceptions to the petition were filed by the Philadelphia Dental College, all of which were dismissed in an opinion by GORDON, J.

*Error assigned* was the decree of the court.

*John G. Johnson,* and *Benjamin Alexander,* with them *James W. M. Newlin,* for appellant.—The Medico-Chirurgical College of Philadelphia has no power under its present charter to confer the degree of Doctor of Dental Surgery.

The policy of the legislature has been to separate medicine and dental surgery, and where given the power to confer degrees in dental surgery has been explicitly conferred on dental colleges.

Prior to the amendment of 1895, the courts of common pleas had no power to authorize colleges to confer degrees of any kind whatever: Duquesne College, 2 Dist. Rep. 556; Medical College of Philadelphia, 3 Wharton, 445.

The petitioners have not brought themselves within the amendment of June 26, 1895, P. L. 327.

*William S. Stenger*, for appellee.

OPINION BY MR. JUSTICE DEAN, February 27, 1899:

The reasons given by the learned judge of the court below in support of the first part of his opinion, that authority to grant the amendment of the charter asked for is to be found in the original act of incorporation of February 12, 1850, are not without force, but we do not think it necessary to consider that question, and therefore do not pass upon it. We are of opinion, the authority is amply sustained by the supplementary legislation. The special act of April 10, 1867, section 2, says, "The said officers and professors by this act shall have conferred upon them all the rights, immunities and privileges as to lecturing, granting diplomas and conferring degrees in medicine as is possessed by the officers and professors of the University of Pennsylvania at this time."

We take the word "medicine" in its common signification, which in the beginning included, and yet, with most of us, includes all learning having for its object the care of the health and the cure of the ills of the human body. Even, within the recollection of some of us, the practising physician or family doctor kept in his own office his drugs, compounded them himself, and not seldom maintained a dental chair wherein he seated his patients and dosed or extracted their ailing teeth. He had not only been taught dental surgery and pharmacy, but practised both under his degree from a college of medicine. A college of dental surgery may be restricted to granting a degree only, in that particular branch of the profession; the narrower would not include the broader field of learning surrounding it; but if, as is not disputed, the Medico-Chirurgical College has full authority to teach all branches of medicine, including dental surgery and pharmacy, by necessary implication, under the act of 1867, it has the power to certify by diploma or degree the proficiency and qualification of the student in that particular branch of the main subject.

The petition does not ask that any new power be conferred by the court; it only prays for an amendment declaratory of its existing authority under the act of 1867. It had unquestioned authority to impart instruction in dental surgery and pharmacy; its authority to say it had imparted it and the

student had absorbed it might be questioned, because such authority was only necessarily implied and not expressly given; the prayer and the decree of the court below went no further than, in relief of this uncertainty; not uncertainty of lawyers or courts, but of possible future patients or patrons of those graduates who had been fitted to serve them. It is argued, a doubtful power in a charter does not exist; this is a sound rule of construction of corporate grants; but it is just as well settled that if the power is necessarily implied from the object and terms of the grant, it is to be recognized as if expressed.

This college having been created by special legislation before the constitution of 1874, its powers are to be ascertained by an interpretation of the acts creating it; therefore, the questions raised by counsel for appellee concerning the act of June 25, 1895, demand no discussion.

The decree of the court below is affirmed and appeal dismissed.